UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEVORG MURADYAN,<br><br>                           Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER,<br><br>                           Respondent. | Case No.: 3:26-cv-00063-CAB-AHG<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 1]** |

Pending before the Court is Gevorg Muradyan's ("Petitioner") Petition for Writ of Habeas Corpus. [Doc. No. 1 ("Petition")]. On January 14, 2026, Respondents filed a return to the Petition. [Doc. No. 14.] On January 19, 2026, Petitioner filed a traverse. [Doc. No. 15.] The Court finds Petitioner's motion suitable for determination on the papers. *See* CivLR 7.1(d)(1). For the following reasons, the Petition is **DENIED**.

## I.    BACKGROUND

Petitioner is a native of Armenia who arrived in the United States on December 1, 2024. [Doc. No. 14 at 1.] Shortly after arrival, he was referred for a credible fear interview, and an asylum officer made a positive reasonable fear determination. [*Id.* at 1–2.] On December 12, 2024, Petitioner was charged as an immigrant not in possession of a valid entry document. [*Id.* at 2.] On January 24, 2025, Petitioner filed an application for asylum

and withholding of removal.  [*Id.*]  On September 30, 2025, an immigration judge ordered Petitioner removed but granted a withholding of removal to Armenia.  [*Id.*]  The removal order became final that day.  [*Id.*]

Since Petitioner's final order of removal, he has spent almost four months in detention.  Immigration and Customs Enforcement ("ICE") has been looking for a third country to effect Petitioner's removal since October 2025.  [Doc. No. 14. at 2.] Respondents do not have a travel document for Petitioner but assert that "ICE continues to diligently seek to identify a third country for Petitioner's removal and believes there is a significant likelihood of removal to a third country in the reasonably foreseeable future." [*Id.*]

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

### A.    Jurisdiction

Respondents argue that the Court lacks jurisdiction over Petitioner's claims under 8 U.S.C. § 1252.  [Doc. No. 14 at 3.]  The Supreme Court's holding in *Zadvydas* squarely contradicts this argument.  There, the Supreme Court rejected the application of § 1252 to limit judicial review of indefinite post-removal-period detentions under § 1231(a)(6) and held "that § 2241 habeas corpus proceedings remain available as a forum for statutory and

constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). This Court is thus satisfied of its subject matter jurisdiction and proceeds to the merits.

**B.    Lawfulness of Petitioner's Continued Detention Under 8 U.S.C. § 1231**

Petitioner asserts that his detention is unlawful under the Supreme Court's decision in *Zadvydas*. [Petition at 7.] Respondents argue that (1) ICE has the authority to detain Petitioner to effectuate his order of removal; (2) Petitioner's case is premature as the six-month presumptively reasonable removal window has not passed; and (3) Petitioner cannot show that there is not a significant likelihood of removal in the reasonably foreseeable future as required under *Zadvydas*. [Doc. No. 14 at 4–6.] The Court agrees with Respondents that Petitioner is in the presumptively reasonable removal window.

As relevant here, 8 U.S.C. § 1231(a)(1)(A) provides a 90-day removal period that begins when the order of removal becomes administratively final. Petitioner was ordered removed on September 30, 2025, and because he waived his right to appeal, [Doc. No. 14 at 2], his order of removal became administratively final the same day. *See* 8 C.F.R. § 1003.39; 8 C.F.R. § 1241.1.

The Petitioner has the initial burden to show that he has experienced post-removal order detention for more than *Zadvydas'* six-month presumptively reasonable period of detention. *Zadvydas*, 533 U.S. at 701. Given that Petitioner has been in detention for less than six months, Petitioner does not meet his burden. *See Khalilova v. Smith*, No. 25-CV-2140 JLS (DDL), 2025 WL 3089522, at *3 (S.D. Cal. Nov. 5, 2025) (finding habeas petition was unripe for review where *Zadvydas* six-month period had not expired).

**C.    Petitioner's Medical Care**

Regarding Petitioner's complaint about medical care, the Supreme Court has stated that "requests for relief turning on circumstances of confinement may be presented in a § 1983 action" rather than a habeas petition which is meant for "[c]hallenges to the validity of any confinement or to particulars affecting its duration[.]" *Muhammad v. Close*, 540

3:26-cv-00063-CAB-AHG

U.S. 749, 750 (2004).  The Court thus finds Petitioner's argument that he should be released for alleged insufficient medical care unavailing.

## IV.    CONCLUSION

Accordingly, the Court **DENIES** Petitioner's application for a writ of habeas corpus **WITHOUT PREJUDICE**.    If Petitioner remains in detention after the six month presumptively reasonable window has passed, Petitioner may file a new petition.

It is **SO ORDERED**.

Dated:  January 23, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-00063-CAB-AHG